## Ewalt, Appellant, *v.* Davenhill et al.

*Wills—Powers—Construction—Intention — Rule against perpe-
tuities — Vested and contingent remainders — Partition — Bill in
equity—Dismissal.*

1. Where an active trust is created to pay the income to one for
his life, it will not be defeated because of the failure or invalidity
of the gift over of the corpus of the estate.

2. The rule against perpetuities is directed against future con-
tingent interests and has no reference to vested estates.

3. A spendthrift trust may be created for a woman as well as for
a man.

4. A testator dying in 1846 devised certain land to his son James
for life with remainder in trust for the latter's children and their
heirs, giving James power to revoke by will all the trusts created
by the testator and to appoint such new or other trusts as to him
might seem proper.    James died in 1870 leaving a will wherein he
referred to the power given him in his father's will, revoked all
the trusts thereby created, and devised the estate in trust to pay
an annuity to his wife for life and the balance of the income to his
son William, and declared that on William's death the balance of
the property should be held in trust for William's children in such
shares and for such estates as they would be entitled to if William
died intestate.    The will then gave William power to appoint the
shares of his children "in trust for the sole and separate use of
said children or issue of said deceased child and under such limi-
tations and restrictions as in his discretion he may deem best, so
as to secure the same to the said child or issue of deceased child
for his, her or their sole and separate use, maintenance and enjoy-
ment."    William died in 1877 leaving three daughters.    By his will
he directed that the share of each of his children be held in trust
for them until they reached the age of twenty-one years and created
sole and separate use trusts and spendthrift trusts for said daugh-
ters, and directed that in the event of the death of any of the chil-
dren her share should be paid to her issue during the life of the
surviving children, or in case there should be no issue, then to the
survivors for life, and upon the death of the last survivor of the
children, then to their issue,    The last testator William was born

before the death of his grandfather. In a suit in equity for a partition of the real estate, brought by the purchaser of the interest of one of the daughters of William, plaintiff contended that the sole and separate use trust failed because his grantor had not married and was not in contemplation of marriage at the time of the creation of the trust, that the spendthrift trust was void because not within the scope of the power of appointment conferred upon William by the will of his father, and that the gift was in violation of the rule against perpetuities. *Held,* (1) that the sole and separate use trusts were void because the daughters were not married, or in contemplation of marriage at the time of the creation thereof; (2) that the creation of spendthrift trusts for the daughters was within the scope of the power of appointment conferred upon William; (3) that the interests of the daughters' vested upon the death of James, the creator of the power; (4) that, although the gift to the issue of the daughters violated the rule against perpetuities, the gifts for the lives of the daughters were separable and were not affected by the invalidity of the gift of the remainders; (5) that, as valid spendthrift trusts were created for the daughters, the property could not be partitioned and the bill was properly dismissed.

Argued Jan. 24, 1917. Appeal, No. 330, Jan. T., 1916, by plaintiff, from decree of C. P. No. 2, Philadelphia Co., June T., 1916, No. 3988, dismissing bill in equity for partition, in case of Henry C. Ewalt v. Catharine M. Davenhill, Frank Ellery and Amelia Ellery, his wife, in the right of said wife; Charles F. F. Battanchon, Pietro Constintini and Amey Constintini, his wife, in the right of said wife; Henry T. Stoddart, Trustee under deed of Amelia Ellery et al. and Edward Hopkinson and The Fidelity Trust Company, Substituted Trustees under the wills of James Swaim and William Swaim, Jr. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for partition. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Defendants demurred to the bill.

The court sustained the demurrer and dismissed the bill. Plaintiff appealed.

1917.]     Assignment of Error—Opinion of the Court.

*Error assigned* was the decree of the court.

*M. T. McManus,* of *Wescott, Wescott & McManus,* for appellant.—The power conferred upon William Swaim, Jr., to create a sole and separate use trust for his daughters did not authorize him to create a spendthrift trust for the benefit of the daughters.    As the daughters were not in contemplation of marriage when the trust was created for their benefit, the trust falls: Quin's Est., 144 Pa. 444; Neale's App., 104 Pa. 214.

*Henry Preston Erdman,* for appellees.—William Swaim, Jr., properly exercised the powers conferred upon him by his father's will: Boyd's Est. (No. 1), 199 Pa. 487; Dunn & Biddle's App., 85 Pa. 94.

OPINION BY MR. JUSTICE WALLING, April 16, 1917:

This case involves the question as to whether certain real estate situate on the southeast corner of Seventh and Chestnut streets, Philadelphia, is now so held in trust as to prevent its partition.    This land was formerly owned by William Swaim, Sr., who died in 1846; and by his last will devised the property in trust for his son James for life and then in trust for the latter's children and their heirs, giving James power, however, to revoke by will all trusts and interests expressed by the testator and to direct or to appoint such new or other trusts with respect to said property as to him might seem proper.    James Swaim died in 1870, leaving a last will in which he referred to the power given him in his father's will, and in execution thereof revoked all the trusts and interests so created by his father and devised the estate in trust to pay an annuity to his wife for life and balance of the net income to his son William Swaim, Jr., free from the control of his creditors, and provided further that after the son's death the property should be held "in trust for the children of the said William Swaim and the issue of such as may be deceased, in such

parts, shares and proportions, and for such estates as they would be entitled to, if the said William Swaim had died intestate." William Swaim, Jr., was then given the power by will to appoint the shares of his children or of the children of any deceased child to trustees, "in trust for the sole and separate use of said child or issue of said deceased child, and under such limitations and restrictions as in his discretion he may deem best, so as to secure the same to the said child or issue of deceased child, for his, her or their sole and separate use, maintenance and enjoyment." William Swaim, Jr., died in 1877, testate, and left surviving him three daughters, who at the time of the execution of his will were minors, unmarried and not in contemplation of marriage, although they did subsequently marry and two of them are still living. In his will, William Swaim, Jr., pursuant to the power vested in him under the will of his father, directed that the share of each of his children, or the children of any deceased child, be held in trust for them until they reached the age of twenty-one years, "and as and after each of my said children respectively arrive at the age of twenty-one years, to pay her said part and share of the said rents, issues, profits, income, and dividends to her directly whether she be covert or sole, during all the period of her natural life, for her separate use and benefit, the said income to be and at all times to remain free and exempt from the power and control of any husband, and from liabilities for any debts or engagements. The receipts of my children for such payments to them, whether covert or sole, shall be deemed and taken to be good and sufficient vouchers and acquittances for the said trustees or either of them, in the settlement of their accounts." The will also provided that, in the event of the death of any of the children, her share should be paid to her issue during the life of the surviving children, or in case there should be no issue, then to the survivors for life, and, upon the death of the last survivor of the children, then to their issue, or, if no issue,

then to the persons who would be entitled under the provisions of his father's will. William Swaim, Jr., was born before the death of his grandfather.

Plaintiff is the owner by purchase of the interest of one of the daughters of William Swaim, Jr., in the premises, and as such filed his bill for partition in this case; and from the decree of the court below, sustaining defendants' demurrer and dismissing the bill, this appeal was taken.

The action of the court below was based upon the construction previously placed upon the wills in question by the Orphans' Court of said county, where the questions were exhaustively and ably considered, and in our opinion correctly decided.

The trusts created by the last will of James Swaim. were unquestionably valid as a due execution of the power contained in the will of his father, and created a spendthrift trust for the life of William Swaim, Jr., with remainder over as therein provided. The real question is as to the effect of the trust provisions in the will of William Swaim, Jr. So far as making a testamentary disposition of the property, James Swaim was practically the owner in fee; and the testamentary trusts so created and powers so conferred by him must be given effect. A careful reading of his will shows that he conferred upon William Swaim, Jr., a power sufficiently broad to enable the latter to create for his children a spendthrift trust, as well as a separate use trust. True, when the will of James Swaim was executed the children of William Swaim, Jr., consisted of three daughters, yet there was nothing to indicate that sons might not thereafter be born to him. The words of the will above quoted empowering his son William by his last will to place such property "in trust for the sole and separate use of said child or issue of said deceased child, and under such limitations and restrictions as in his discretion he may deem best, so as to secure the same to the said child or issue of deceased child, for his, her, or their sole and

separate use, maintenance and enjoyment," seem to indicate an intent to authorize the creation of both separate use and spendthrift trusts. And William Swaim, Jr., fully executed such power in his last will as above quoted. A spendthrift trust may be created as well for a woman as for a man: Ashhurst's App., 77 Pa. 464; Hughes-Hallett v. Hughes-Hallett, 152 Pa. 590, 594.

While the separate use trusts were ineffective because the daughters were neither married nor in contemplation of marriage, yet by said wills spendthrift trusts were created in favor of the daughters of William Swaim, Jr., and valid during their lives. No set form of words is necessary to the creation of a spendthrift trust: Graeff v. DeTurk, 44 Pa. 527, 531; Winthrop Company v. Clinton, 196 Pa. 472. See also Shower's Est., 211 Pa. 297; Dunn & Biddle's App., 85 Pa. 94.

So far as creating a trust for his own children, or for the issue of any of his children who may have died in his lifetime, William Swaim, Jr., was acting within the powers conferred upon him by the will of his father, but he went further and attempted to continue the trust for various uses and purposes for an indefinite time beyond the lives in being at his death. To that extent the trust so created is invalid, as transgressing the rule against perpetuities, and because no such power was vested in him by the will of James Swaim. However, the trust so designated in the will of William Swaim, Jr., is severable, so that the trust created for his children may stand, and that attempted to be created for others beyond fall: Whitman's Est., 248 Pa. 285. Where an active trust is created to pay the income to one for life, it will not be defeated because of the failure or invalidity of the gift over of the corpus of the estate. On the death of William Swaim, Jr., the title to the property in question vested in his children as devisees under the will of their grandfather, James Swaim, but their enjoyment thereof was subject to the trust created by their father's will. The rule against perpetuities is directed against

future contingent interests and has no reference to vested estates: Johnson's Est., 185 Pa. 179. As the children's estate vested on their father's death, and as he was in being at the death of William Swaim, Sr., so far as concerns them the rule against perpetuities has not been violated. It is the vesting of the estate within the life in being and twenty-one years thereafter that fixes its status. The fact that when vested it may continue beyond that period is not material. And computing the time from the creation of the power by the will of James Swaim, it is still more apparent that the rule has not been transgressed. In our opinion the will of William Swaim, Jr., creates an active trust during the lives of his daughters and the real estate embraced therein cannot now be partitioned.

The assignment of error is overruled and the decree is affirmed at the cost of appellant.