## Glenn's Estate

The facts appear from the adjudication of

HENDERSON, J., Auditing Judge.—William D. Glenn, the testator, died in 1876, and by the seventh clause of his will provided as follows:

"All the rest, residue and remainder of my estate and property including monies, debts stocks, securities and investments I do give and bequeath unto The Pennsylvania Company for Insurances on Lives and Granting Annuities of the City of Philadelphia in Trust for the following uses, intents, powers and purpose, to invest and keep invested the same, to collect and receive the income thereof and the same from time to time to change according to their discretion . . . then as to the residue of the principal of said fund after paying said legacies and providing for my sister Hannah C. North if living at the decease of my wife as aforesaid, in trust in equal shares for the children of my brother Edward Glenn for their maintenance during their minorities and upon their arrival at lawful age to be paid over to him or them absolutely if boys, but if girls, then to be held by the said Company in trust for her sole and separate use free from liability to debts of her or their own contracting or to be taken in execution for the same and also free from liability for the debts, engagements and contracts of any husband that any of my said nieces may have, so that only the separate receipt of my said nieces, shall be a good discharge therefor, for and during her or their natural life or lives and from and after her or their decease in trust for such uses, purposes and estates, as she or they my said niece or nieces may appoint by will and in default of such appointment by will, then the share or shares of my niece, or nieces therein to go to and vest in their next of kind absolutely according to the Intestate laws of Pennsylvania."

A niece, Harriet D. Royce, the child of Edward Glenn, died April 4, 1931, and by the fourth item of her will provided as follows:

"Fourth. All that estate over which I have power of appointment under the Will of William Duer Glenn, I give, devise and bequeath unto The Pennsylvania Company for Insurances on Lives and Granting Annuities In Trust to hold, invest the same, keep the same safely invested and pay over the income therefrom unto my son Lewis Glenn Royce for life. All payments of income or principal payable to my said son Lewis Glenn Royce under this my Will shall, to the fullest extent permitted by law, be free and clear of his debts, contracts, engagements, alienations and anticipations, so that the same shall not be liable to any levy, attachment, execution or sequestration.

"In Trust upon his death to assign transfer and pay over the same as my said son may by his last Will and Testament direct, limit and appoint."

Lewis Glenn Royce survives, and as he was born December 22, 1883, after the death of the testator, his sister, Catherine Sells Royce Fells, contends the exercise of the power is invalid as contravening the rule against perpetuities; and for the further reason that a power of appointment in an unborn person is void.

I am of opinion that the exercise of this power may not be deemed a "scheme to tie up his estate in the ultimate gift, and thereby prevent a vesting until a date too remote," and hence "void under the rule against perpetuities," as was the case in Feeney's Estate, 293 Pa. 273. I can find no evidence of such a purpose.

For reasons which I will give presently, I am of opinion that the life estate is good and must be sustained, and hence I am not called upon to construe the remainder—although I might direct attention to pages 477 and 957 of Gray on Perpetuities, in which he says a power of appointment may not be conferred on an unborn person.

As to the validity of the life estate the sole question is, can Harriet D. Royce give a life estate after her death to her son, Lewis Glenn Royce, who was not in being in the lifetime of our testator—William D. Glenn? Such a life estate must vest within a life in being and twenty-one years thereafter. Lewis must have been born in her lifetime and hence fulfills the condition.

The application of this principle is simply, briefly and succinctly stated by Judge Ashman in Ronckendorff's Estate, 11 Pa. C. C. 447, wherein he said:

"The donor of the power left, by will, one-third of his estate in trust for his daughter for life, and at her death for 'such person and persons, and in such manner as she, by her last will and testament, may direct and appoint.' The daughter, by her will, after certain specific bequests, gave the income of her residuary estate to her husband for life, and, after his death, to her son George for life, with remainder in fee to his issue, and, in default of issue, to her sister, etc. The husband afterwards died, leaving his son George surviving. The latter was born after the grandfather's death, and the question to be determined is whether the trust for his benefit, created by the will of the donee, violates the rule against perpetuities. Mr. Gray lays down, as the simplest form in which the rule may be expressed, that 'no interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the trust.' Tested by that formula, the gift of the son was unquestionably good. The death of the donor of the power marked the commencement of the estate, and the will of the donee must be read into the original will, as if the two instruments had been written together and had been intended to operate as a unit. The provision, then, was to the daughter for life, followed by life estates to her husband and son, respectively. The daughter was living at the death of the donor, and her son must have been born in her lifetime. It is, therefore, immaterial whether his birth preceded or followed the death of the donor. It is also immaterial that the life estate to the son may exceed the limits of a life or lives in being at the donor's death, before it must take effect within those limits: Donohue v. McNichol, 61 Pa. 73. The question whether the remainders over are obnoxious to the rule is an interesting one, but we are not now asked to consider it.

"The exceptions are sustained."

See, also, Lawrence's Estate, 136 Pa. 354, Whitman's Estate, 248 Pa. 285, and Lewis's Estate, 269 Pa. 379.

There is much learning in the books on this subject—too much, I should say, and frequently the reasons for the validity of the life estates become confused

with the discussion as to the remainder interests. This principle is well settled. The claim of Catherine Sells Royce Fells is dismissed.

*Joseph Sharfsin,* for exceptant; *Joseph L. McAleer,* contra.

SINKLER, J., March 24, 1932.—The case for the exceptant is presented with ability and learning, but we are nevertheless convinced that the auditing judge has correctly decided the question involved. The present case is not to be distinguished from Ronckendorff's Estate, 11 Pa. C. C. 447, except in the unimportant detail that in the case cited the donee of the power of appointment appointed a life estate for her husband who died, whereupon the appointment in favor of the son became effective. The latter, as in the present case, was born after the date of the death of the creator of the power. The principle of law upon which rest the decisions relied upon by the auditing judge is well expressed in the opinion of Justice Walling in Ewalt v. Davenhill, 257 Pa. 385: "It is the vesting of the estate within the life in being and twenty-one years thereafter that fixes its status. The fact that when vested it may continue beyond that period is not material."

The exceptions are dismissed and the adjudication is confirmed absolutely.