## Buchmiller's Estate.

*Wills—Life estate—Remainders—Perpetuities.*

1. Ledwith v. Hurst, 284 Pa. 94, followed.

Argued May 11, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 176, Jan. T., 1926, by the Union Trust Co. of Lancaster, one of the executors, from decree of O. C. Lancaster Co., Dec. T., 1922, No. 29, dismissing exceptions to adjudication, in Estate of D. F. Buchmiller, deceased. Affirmed.

Exceptions to adjudication. Before Smith, P. J.

The clause in the will of D. F. Buchmiller construed, was as follows:

"Item. All the rest, residue and remainder of my estate, I give, devise and bequeath to my Executors, hereinafter named, in trust, to invest and keep the same invested, in good lawful securities, and I give and bequeath all of the net income therefrom to my wife, Caroline S. Buchmiller, and my daughter, Mary B. Ledwith, in equal shares and parts during their joint lives, and, after the death of either of them I give and bequeath the said net income to the survivor of them during the remainder of her natural life, and at the death of the survivor of them, I give and bequeath the said net income to the issue and descendants, if any, of my said daughter, Mary B. Ledwith, per stirpes, for and during the term of their natural lives, or the life of the survivor of such issue and descendants; and in the event of my said daughter, Mary B. Ledwith, dying without leaving any issue or descendants, or upon the death of the last of such issue and descendants, if any, I order and direct my said Executors to sell all of the rest, residue and remainder of my estate, for the best price that can be obtained therefor, either at public or private sale, for the best price that can be obtained therefor, and I give and bequeath the net proceeds of such sale to my Executors, in trust, they to invest and keep the same invested, in good lawful securities, and the net income therefrom I hereby order and direct my said Executors to pay, annually, in equal shares, to the Lancaster General Hospital of Lancaster, Pa., the Young Men's Christian Association of Lancaster, Pa., the Young Women's

Christian Association of Lancaster, Pa., and the Shippen School for Girls, at Lancaster, Pa., for the use of the said various institutions as hereinbefore stipulated and to be an addition to the 'B. F. Buchmiller Charity Fund.' "

It was decided that the residuary clause above quoted violated the rule against perpetuities, and the court awarded the fund to the heirs of decedent. Exceptions to the adjudication were dismissed. The Union Trust Co. of Lancaster, Pa., one of the executors of decedent, appealed.

*Error assigned* was decree, quoting it.

*John N. Hetrick,* for appellant.

*Paul A. Mueller* and *John M. Groff,* for appellee, were not heard.

PER CURIAM, June 26, 1926:

While the controversy here involved arises under a different item of testator's will from that construed by us in Ledwith v. Hurst, 284 Pa. 94, yet, in all essential particulars, the two items are similar, and there is no real distinction between this case and that one.

The appeal is dismissed at costs of appellant.