## Harris's Estate

The facts appear from the adjudication of

HENDERSON, J., Auditing Judge.—The testatrix died in 1905, leaving a will, by the first four paragraphs of item eleven of which she provided as follows:

"Item Eleventh: All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever being or situate whether in Pennsylvania, Delaware, Maryland or elsewhere I give bequeath and devise to The Fidelity Insurance Trust and Safe Deposit Company of Philadelphia In Trust nevertheless for the following uses and purposes, that is to say in trust:

"First: To permit my daughter Annie Whartenby Miller and her daughter Emma D. Miller to use and occupy my house No. 1952 North Broad Street Philadelphia as a home so long as she may so desire my Trustee to pay all taxes water rents and repairs thereto out of my estate. All carpets and furniture in said property excepting that which is hereinbefore specifically bequeathed, is to remain therein.

"To manage and direct the estate, to collect and receive the interest and dividends, income, rents, issues and profits thereof and after the payment of all the necessary charges and expense of administering this trust estate:

"Second: To pay over to my two daughters Annie Whartenby Miller and Sarah G. Rapson in semi-monthly installments the whole of the net income of the Trust Estate for and during the full term of their natural lives in equal shares or portions in the event of the death of either one of them without leaving issue then the whole of the net income of the estate shall be paid over to the survivor during her life.

"Third: Upon the death of either or both of my said daughters leaving issue then to set apart one half of the income for the use and benefit of the issue of my daughter Annie Whartenby Miller and the other half for the use and benefit of the issue of my daughter Sarah G. Rapson, in the event of only one of my said daughters leaving issue then the whole of the said income shall be set apart for its or their use and benefit. During the minority of such issue as either or both of my said daughters shall leave so much only of the income shall be paid over to them or their Guardians as may be needed for their support education and maintenance. Upon their arrival at the age of twenty one years all the accumulated income shall be divided among and paid over to such issue and thereafter the whole of the income shall be paid over to them in semi-monthly payments during its or their natural life or lives such issue taking only the share or shares their parent would have taken if living.

"Fourth: Upon the death of my daughters and any children they may leave surviving them, then I direct my Trustee to divide and distribute the corpus of the trust estate among and between any issue of my daughter's children living at the time of said distribution. The issue of my daughter Annie Whartenby Miller to take the one half and the issue of my daughter Sarah G. Rapson to take the other half. In the event of only the issue of one of my daughter's children being then living, such issue shall take and receive the whole of the said trust estate.

The executor's account was adjudicated by Penrose, J., in 1906 and the balance awarded to the trustee for the purposes of the will. The validity of the trust was not questioned at that time.

The testatrix was survived by two daughters—Mrs. Sarah G. Rapson and Mrs. Annie W. Miller, and a granddaughter—Emma S. Miller; she left no other children nor issue of any deceased child.

The trustee filed its first account, which was audited in January, 1916, in order that Mrs. Miller could raise the question as to whether the terms of the trust violated the rule against perpetuities.

At that time both daughters were living, as also the granddaughter. All three were represented by counsel at the audit, as were also some of the charities in remainder.

In upholding the life estates, the Auditing Judge, Gest, J., said:

"The dominant purpose of this testatrix was evidently to provide, according to her undoubted right, for her daughters as long as they might live and for the children or issue that they might have. This is not a scheme to circumvent the

law; there is no illegal purpose and no difficulty in separating the valid from the invalid limitations; and therefore the trust must be held to be valid, at least so far as the life estates given are concerned.

"... here the life tenants are both living. Until their deaths this court cannot decide the rights of those subsequently entitled."

Mrs. Rapson died April 28, 1923, leaving no child or children, nor the issue of any such surviving.

Mrs. Miller died November 11, 1931, leaving her surviving one child, Emma D. Miller, and no other child, nor issue of a deceased child.

Upon the deaths of both daughters, the third paragraph of Item Eleven provides:

"In the event of only one of my said daughters leaving issue, then the whole of the said income shall be set apart for its or their use and benefit . . . after the arrival at maturity of such issue . . . the whole of the income shall be paid over to them in semi-monthly payments during its or their natural life or lives. . . ."

Apparently, Emma D. Milller is now entitled to the whole income. If her life estate is good, I should not now construe the clause in remainder.

The contest is between Mrs. Rapson's executor, who urges the violation of the rule against perpetuities, and Miss Miller, who claims the trust for her life should be upheld.

The former question was ruled in the adjudication by Judge Gest in 1916, and wherein he said:

"It discloses a testamentary plan that is perfectly natural, most reasonable and up to a certain point very frequently employed. The testatrix had two daughters, and provided for them equally during their joint lives, directing that on the death of either daughter leaving issue, such issue should take her share of the income, and that on the death of either without issue the surviving daughter should take the whole of the income for life. It is only in the fourth clause of the will that the rule is transgressed; in that the testatrix directs the distribution to be made 'upon the death of my daughters and any children they may leave surviving them.' To strike down the entire will because the distribution is thus directed to be made instead of on the 'death of my daughters and any children they may leave surviving me,' which would have been entirely valid, would be going far beyond the decisions. The dominant purpose of this testatrix was evidently to provide, according to her undoubted right, for her daughters as long as they might live and for the children or issue that they might have. This is not a scheme to circumvent the law; there is no illegal purpose and no difficulty in separating the valid from the invalid limitations; and therefore the trust must be held to be valid, at least so far as the life estates given are concerned: Whitman's Estate, 248 Pa. 285; Goddard's Estate, 198 Pa. 454; Lakey's Estate, 13 Dist. R. 533; Clapier's Estate, 15 Dist. R. 538."

Emma D. Miller was living at the death of the testatrix; her life estate is good, and the argument that the will as a whole is "a scheme to circumvent the law" may not again be raised. Judge Gest's adjudication is the law of the case.

If authority is now needed to sustain the succeeding life estates, it may be found in Whitman's Estate, 248 Pa. 285, wherein, at page 290, our Supreme Court said:

"Here, the dominant intent of the testator, after providing for his wife, was to provide for and duly protect his only child for life, and the subsequent limitations to his daughter's offspring were secondary to this main purpose; although in these latter limitations the testator may have infringed the rule against perpetuities to some extent, yet, it is clear, when we consider the pro-

vision for his grandsons, his attempt to create a separate use trust for his daughter and her daughters, and the general limitation over on the death of his daughter without children, that his mind was set on these things, and not on creating or working out a general scheme to circumvent the rule against perpetuities. Under such circumstances, a void limitation is viewed as merely incidental; it may fall, but it cannot alter or destroy a precedent life estate."

The trust for the life of Emma D. Miller is upheld and the claim of Mrs. Rapson's executor for any distribution at this time is dismissed.

*Walter T. Fahy* and *J. Russell Gibbons*, for exceptant.

*Williams, Brittain & Sinclair, Jay B. Leopold, Theodore S. Paul* and *Townsend, Elliott & Munson*, contra.

GEST, J., April 16, 1932.—It was decided fifteen years ago in the adjudication on the first account of the trustee that the general scheme of the will did not violate the rule against perpetuities so as to bring it at once within the decisions of the Supreme Court in Johnston's Estate, 185 Pa. 179, Gerber's Estate, 196 Pa. 366, and Kountz's Estate (No. 1), 213 Pa. 390, and, consequently, the estate was awarded in trust for the two life tenants, Annie W. Miller and Sarah G. Rapson, for their lives and the life of the survivor, under the rule in Whitman's Estate, 248 Pa. 285. This adjudication has remained unassailed since then and was recognized by the present auditing judge. Both Mrs. Miller and Mrs. Rapson are now deceased. Mrs. Rapson had no issue, and Mrs. Miller, who died in November, 1931, left issue only one child, Emma D. Miller, who was born in the lifetime of the testatrix. The auditing judge held that the trust continued for the life of Emma D. Miller, and these exceptions are filed to his ruling.

Now the will, in the third clause of the eleventh or residuary paragraph thereof, provides as follows:

"Third. Upon the death of either or both of my said daughters leaving issue then to set apart one half of the income for the use and benefit of the issue of my daughter, Annie Whartenby Miller, and the other half for the use and benefit of the issue of my daughter Sarah G. Rapson, in the event of only one of my said daughters leaving issue, then the whole of the said income shall be set apart for its or their use and benefit. During the minority of such issue as either or both of my said daughters as may leave, so much only of the income shall be paid over to them or their Guardians as may be needed for their support, education and maintenance. Upon their arrival at the age of Twenty-one years all the accumulated income shall be divided among and paid over to such issue and thereafter the whole of the income shall be paid over to them in semi-monthly payments during its or their natural life or lives, such issue taking only the share or shares their parent would have taken if living."

And it seems desirable to quote the paragraph following, viz., the fourth clause of the same paragraph, which provided:

"Fourth. Upon the death of my daughters and any children they may leave surviving them, then I direct my Trustee to divide and distribute the corpus of the trust estate among and between any issue of my daughter's children living at the time of said distribution. The issue of my daughter Annie Whartenby Miller to take the one half and the issue of my daughter Sarah G. Rapson to take the other half. In the event of only the issue of one of my daughter's children being then living, such issue shall take and receive the whole of the said trust estate."

And the fifth clause, providing for the ultimate distribution of the trust estate, provided:

"Fifth. Upon the death of my daughters and their children without leaving issue who would take under the preceding clause, numbered Fourth, then I direct my said Trustees to convert the entire corpus of the Trust Estate into cash and make final and full distribution of the same by paying over, either more or less proportionately as the extent of my estate shall warrant, the following sums" to numerous charitable institutions in Philadelphia, as stated in the will.

Now the third clause above quoted gives the income for life to the issue of the two daughters of the testatrix, and it seems to us that this is a contingent class legacy for the benefit of issue generally, who might not be born within the limits of the rule against perpetuities, and likewise the gift of the residue under the fourth clause is to issue generally of the children of the daughters living at the time of distribution. These provisions appear to us to bring the case within the operation of the rule, which, as it has repeatedly been said, must be applied according to the possibilities of the case and not by its probabilities or the actual event. On this point it does not seem necessary to cite authorities, as it is evident that both of the daughters of the testatrix might have had issue, whether children or remoter descendants, born after the death of the testatrix, although, as a matter of fact, the only child of either was Emma D. Miller, the present claimant. We refer merely to Coggins's Appeal, 124 Pa. 10; Lilley's Estate, 272 Pa. 143; Feeney's Estate, 293 Pa. 273, and Scott's Estate, 301 Pa. 509.

The case presents some features similar to those in the recent case of Lockhart's Estate, 306 Pa. 394. There the disputed gift of income was of two-thirds to a person nominatim (whose interest, considered separately, would be saved from the operation of the rule), and one-third to his issue, and we held in 15 D. & C. 594 that the gift, otherwise valid, was so inextricably connected with that which the Supreme Court in fact held was too remote, that the entire gift failed, and, consequently, we decreed an intestacy. The Supreme Court, however, separated the gifts of income, and held that the intestacy extended only to one-third of the income. A petition for reargument has since been refused, so Lockhart's Estate stands as undisputed law. But the distinction between that case and the present is manifest, for in Lockhart's Estate the two-thirds of the income was given nominatim to Wilmer Gardner Crowell, and only one-third was given to an indeterminate and contingent class. Here, however, the entire income is given contingently to a class, which, as we have said, is contrary to the rule. We are, therefore, constrained to sustain the exceptions filed by the personal representative of the next of kin, and the estate will be awarded in equal shares to John S. Rapson, executor of the estate of Sarah G. Rapson, and to the executor or administrator of the estate of Annie W. Miller.

As in Lockhart's Estate, the will is not saved by the ultimate gift to charities, as they are entirely subject to the illegal provisions for the payment of income to the issue of the two daughters of the testatrix. It is clear that the gift over is contingent and cannot save the will from the operation of the rule: Ledwith v. Hurst, 284 Pa. 94; Buchmiller's Estate, 286 Pa. 507.

The auditing judge authorizes us to state that he concurs in this opinion.

The exceptions are sustained and the account is recommitted to the auditing judge for distribution in accordance herewith.