# Whitman's Estate.

*Wills—Trusts—Life estates — Remainders — Rule against perpetuities—Violation—Validity of gift.*

1. A valid limitation which is associated with, but practically possible of separation from, one that transgresses the rule against perpetuities, will not be struck down, unless the will as a whole not only shows the void limitation, but that the general scheme and dominant purpose of the whole disposition was to tie up the testator's estate beyond the time allowed by law.

2. The validity of a life estate or succession of life estates at the death of the testator, or during a life or lives in being, and 21 years thereafter, is not always affected by reason of ultimate limitations which transgress the rule against perpetuities.

3. A testator bequeathed his estate to trustees with directions to pay the net income therefrom to his wife for life; upon her death to his daughter for life "free from the control of any husband she may now have or hereafter take"; upon the death of said daughter to divide the principal among the children of said daughter in equal shares "the shares of any male issue or children......to be paid to them on their respectively attaining the age of 21 years," the shares of the female children to be held "upon the like trusts hereinabove set forth and declared for my said daughter, and upon the decease of any of my said grandchildren who are daughters of my daughter......to divide and pay over such share in my estate as herein given to such grandchildren......to and among their lawful issue or children,...... in the event of my said daughter......dying not leaving any lawful issue or children her surviving, then I order and direct my said trustees......to divide and pay over the said principal of my residuary estate" among certain charitable institutions. Testator was survived by a widow and by a daughter who was married but had no children. The widow died and thereafter a female child was born to the daughter. The daughter sought to have the trust terminated and the estate awarded to her under the intestate laws, alleging that the provision for testator's descendants violated the rule against perpetuities and that upon the death of the widow, an intestacy resulted. *Held,* that even though the bequest for the use of granddaughters and their issue were void, the limitations over to the charitable uses were valid, that the predominant intent of the testator after providing for his wife was to provide for and to protect his only child during her life,

to which the subsequent limitations to the daughter's descendants were secondary, and that the trust for the life of the daughter was valid.

Coggins' Appeal, 124 Pa. 10, distinguished.

Argued Jan. 15, 1915. Appeals, Nos. 364 and 365, Jan. T., 1914, by Lillian W. Woolman and Edward W. Manderson, executor and trustee under the will of Ida S. Whitman, deceased, from decree of O. C. Philadelphia Co., Jan. T., 1912, No. 433, dismissing exceptions to adjudication, in estate of Horace F. Whitman, deceased. Before BROWN, C. J., MESTREZAT, STEWART, MOSCH-ZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by ANDERSON, J. Lillian W. Woolman and Edward W. Manderson, executor and trustee under the will of Ida S. Whitman, deceased, appealed.

*Errors assigned* were in dismissing the exceptions.

*Thomas Cahall,* for Lillian W. Woolman, appellant.— The residuary clause of the will offends the rule against perpetuities; the whole trust must therefore fall and the estate should be distributed under the intestate laws: Hillyard v. Miller in 10 Pa. 326; Penna. Co. for Ins. on Lives & Granting Annuities v. Price, 7 Philadelphia 465; Coggins' App., 124 Pa. 10; Johnston's Est., 185 Pa. 179; Gerber's Est., 196 Pa. 366; Kountz's Est. (No. 1), 213 Pa. 390; Lockridge v. Mace, 109 Mo. 162; Shepperd v. Fisher, 206 Mo. 208; Eldred v. Meek, 183 Ill. 26 (citing Johnston's Est., 185 Pa. 179); Owsley v. Harrison, 190 Ill. 235.

*William W. Porter,* for Edward W. Manderson, executor and trustee under the will of Ida S. Whitman, deceased, appellant.

*William W. Staake,* for Fidelity Trust Company, Walter P. Sharp and Gustav A. Bisler, trustees under the will of Horace F. Whitman, deceased, appellees.— The violations of the rule against perpetuities were at most incidental and do not affect the whole scheme of distribution. The court properly upheld the limitations which are not in violation of the rules: Lawrence's Est., 136 Pa. 354; Goddard's Est., 198 Pa. 454; Perkins v. Fisher, 59 Fed. 801; Jackson v. Phillips, 96 Mass. 539; Seaver v. Fitzgerald, 141 Mass. 401; Stone v. Bradlee, 183 Mass. 165; Cambridge v. Rous, 8 Vesey 12; Leak v. Robinson, 2 Merivale 363, 393.

*George S. Munson,* for Yale University, appellee.— The general scheme or plan of the will was not in violation of the rule against perpetuities and in so far as it is valid, it should be upheld: Fell's Est., 14 Pa. D. R. 327; Clapier's Est., 15 Pa. D. R. 540; Lakey's Est., 13 Pa. D. R. 533.

*Louis Jaquette Palmer,* for Paul D. I. Maier, guardian of Lydia Rowland Woolman, a minor, appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 1, 1915:

Horace F. Whitman, by his will dated in 1904, gave the residue of his estate in trust to pay the net income therefrom to his wife for life, and upon her death to his daughter (now Lillian W. Woolman) for life, "free from the control of any husband she may now have or hereafter take"; he then provided, "From and immediately after the decease of my said daughter.....to divide the principal.....to and among the child or children of my said daughter......in equal shares, the shares of any male issue or children......to be paid to them on their respectively attaining the age of 21 years," and the shares of female children to be held "upon the like trusts hereinabove set forth and declared for my said daughter, and upon the decease of any of my said grandchildren

who are daughters of my daughter......to divide and pay over such share in my estate as is herein given to such grandchildren......to and among their lawful issue or children"; finally, he provided, "In the event of my said daughter......dying not leaving any lawful issue or children her surviving, then I order and direct my said trustees......to divide and pay over the said principal of my residuary estate as follows (naming three existing charitable institutions to take $5,000 each, and the balance to go to Yale University).

The testator died January 9, 1911, leaving the widow and daughter named in his will; at that time the daughter was a married woman, but had no children. On September 2, 1912, the widow died, and on January 31, 1913, the daughter had a female child born to her. The trustees under the testator's will filed an account, and upon its audit his daughter contended that the trusts should be declared terminated and the estate awarded to her absolutely, on the ground that in the provision for the testator's offspring the rule against perpetuities had been infringed in such a manner and to such an extent that upon the death of his widow the whole limitation failed and an intestacy resulted. The Orphans' Court refused the contention, saying that, even though the gift over to the children of testator's granddaughters was too remote, it was "not at present concerned with the effect of this violation, as there is in existence a life estate (that of his daughter) which vested at his death." The opinion then goes on to state: "The general doctrine of all our cases is that the validity of a life estate or succession of life estates, at the death of the testator, or during a life or lives in being and 21 years thereafter, is not affected by reason of ultimate limitations which transgress the rule against perpetuities (Lawrence's Est., 136 Pa. 354; Goddard's Est., 198 Pa. 454; Gray on Perpetuities, Sec. 247-8)......, and this doctrine is recognized as the rule even where the wills under discussion were held to be exceptions to

it [Johnson's Est., 185 Pa. 179; Gerber's Est., 196 Pa. 366; Kountz Est. (No. 1), 213 Pa. 390]; in those cases the main and dominant purpose of the testators was to keep their estates entire beyond the lawful period, and the creation of the particular estates was merely a scheme to carry that purpose into effect......A careful reading of the present will discloses that the creation of the......estates for his wife and daughter was...... (the testator's) dominant purpose......As we cannot see that......the unlawful provision (for his daughter's female offspring and their issue) is the main and dominant purpose of his will, there is no reason why the present case should be treated as an exception to the general principle that life estates anterior to a void limitation should be upheld."

After considering the arguments presented by counsel for the appellants, we are not convinced of error. In addition to what has been so well stated by the court below, it is to be noted that the will contains a limitation over, on the death of the testator's daughter without children, to several existing charities, and that this provision is an alternative limitation not in any manner dependent upon the one for the testator's grand-daughters and their issue; therefore, even though it be conceded that the latter provision is void under the rule against perpetuities, this does not affect the limitation over (Stone v. Bradlee, 183 Mass. 165, 171). The text writers and authorities (English and American) seem to agree that where an independent limitation over upon the death of a life tenant without children follows a gift to such children, if any, and the gift to the children contains provisions which make it void under the rule against perpetuities, the limitation over is separable and will be given effect (Lewis on Perpetuity, p. 501; Seaver v. Fitzgerald, 141 Mass. 401, 403; Gray on Perpetuities, pp. 233, 236; Leak v. Robinson, 2 Merivale 363, 393; Evers v. Challis, 7 H. L. C. 530). Here, the provision for the charities stands by itself, ready to take immedi-

ate effect should the testator's daughter leave no children at her death, and this distinguishes the present case from Johnson's Est., Gerber's Est., Kountz's Est., supra, and Coggins' App., infra, relied upon by the appellants, and is sufficient to sustain the trust, at least, till the present life estate comes to an end.

Aside from the aspect of the case which we have been discussing, the Pennsylvania rule is as stated by the court below, i. e., that a valid limitation which is associated with, but practically possible of separation from, one that transgresses the rule against perpetuities, will not be struck down, unless the will as a whole not only shows the void limitation, but that the general scheme and dominant purpose of the whole disposition in question were to tie up the testator's estate beyond the time allowed by law; when such is the case, however, the provision falls in its entirety. While the last part of this rule is freely criticised by some text writers, yet the cases cited in the opinion of the Orphans' Court show it to be implanted in our law; but we all agree that it has no application to the will at bar. Here, the dominant intent of the testator, after providing for his wife, was to provide for and duly protect his only child for life, and the subsequent limitations to his daughter's offspring were secondary to this main purpose; although in these latter limitations the testator may have infringed the rule against perpetuities to some extent, yet, it is clear, when we consider the provision for his grandsons, his attempt to create a separate use trust for his daughter and her daughters, and the general limitation over on the death of his daughter without children, that his mind was set on these things, and not on creating or working out a general scheme to circumvent the rule against perpetuities. Under such circumstances, a void limitation is viewed as merely incidental; it may fall, but it cannot alter or destroy a precedent life estate.

Coggins' App., 124 Pa. 10, cited by the appellants, is not referred to in the opinion of the court below; but it

is essentially different from the case now before us. In the testamentary provision then under consideration there was no independent limitation over in the event of the death of the life tenants without children, but simply cross-remainders between the life tenants, and these were to be held upon the same trusts which were there declared void; furthermore, the question discussed seems to have been the invalidity of the future limitations, and not whether the life estates should be sustained. The trust in that case was a simple one, and the testator's children who took both the life estates and cross-remainders were his sole heirs at law, so there was no practical reason for maintaining the prior estates; more than this, although not so stated in the opinion, the will and codicil then before the court showed a manifest purpose to use the life estates in order to construct a general scheme which would enable the testator to tie up his property for the benefit of his grandchildren and great-grandchildren beyond the time allowed by law. On the whole, we feel that Coggins' App. is in line with the other cases treated in the opinion of the court below as exceptions to the general rule. Hillyard v. Miller, 10 Pa. 326, cited by the appellants, was an instance of illegal accumulation, adjudicated on its own peculiar facts, and nothing in the opinion has any proper relation to the present case. In Smith's App., 88 Pa. 492, all the limitations were struck down because a transgression of the rule against perpetuities appeared; but in Coggins' App., supra, p. 30, the soundness of that decision is questioned, and in Lawrence's Est., supra, pp. 365-6, we say that it was "wrong." In Rhodes' Est., 147 Pa. 227, the Orphans' Court held that there was no violation of the rule against perpetuities, and the general statement in its opinion, which appears on page 230 of the report, as to the necessary entire failure of any limitation which offends against this rule, is merely dicta; what is said at page 231, however, to the effect that the life tenant was not in a position to raise the

question of the invalidity of limitations subsequent to her estate, is applicable here. Finally, none of the cases upon the subject which we have before us is precisely similar to the one at bar, but the law therein announced either actually sustains or is consistent with the rule followed and correctly applied in the present instance by the learned court below.

All that we here decide is that the trust is good for the life of the appellant, Lillian W. Woolman; exactly how far the other limitations are effective can be determined when she departs this life. Since we have adjudged that Horace F. Whitman did not die intestate, the appeal of the personal representative of the estate of his widow, on her claim upon his estate under the intestate law, need not be considered; it is dismissed.

The decree of the court below is affirmed; the costs to be paid out of the estate of the testator.