# Chew et al. *v.* Chew, Appellant.

*Wills—Devise—Gift of absolute estate—Cutting down estate previously given—Precatory words—Vendor and vendee—Marketable title to real estate—Rule of property.*

1. While expressions of a wish will amount to a testamentary disposition, if such is in accordance with the intention of the testator, yet where precatory words follow an absolute disposition of the property, it is an established rule of property in Pennsylvania that such precatory words will not operate to diminish the absolute estate previously given.

2. Where a testator gives and devises to his two sisters all of his estate "in equal moieties as tenants in common during all the term of their joint lives," and, at the death of either of them, to the survivor, her heirs and assigns forever, the sisters take an absolute estate in fee, and such estate is not cut down by subsequent statements in the will to the effect that it is the testator's earnest wish that the whole property should form together one plantation and that none of it be sold or divided, that it should be given by will by those who succeeded him, in the same spirit that actuated him, "namely, that while there may be a division of interest there shall be none of principal," and that it was his wish that the eldest male heir should inherit, provided he possessed an educated as well as a natural taste for country life.

3. That a title is liable to be subjected to litigation does not make it unmarketable, if as a result of the litigation it is decided to be an unqualified fee.

Argued February 9, 1920. Appeal, No. 210, Jan. T., 1920, by defendant, from order of C. P. Delaware Co., Sept. T., 1919, No. 114, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Mary J. B. Chew and Martha Morris Brown v. Benjamin Chew. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for purchase money on contract for sale of land.

Rule for judgment for want of a sufficient affidavit of defense.

JOHNSON, P. J., filed the following opinion:

This is a rule for judgment for want of a sufficient affidavit of defense. The action is for purchase money upon an executory contract for the sale of land. The contract calls for the conveyance by the following clause: "The said premises are to be conveyed clear of all encumbrances, easements, conditions, limitations and restrictions of every sort or kind and the title thereto is to be a good and marketable title." The deed was tendered by the plaintiffs to the defendant in execution of the executory contract and a demand made for the purchase money, when the defendant objected to the title of the plaintiffs and refused to pay the purchase money. The affidavit of defense avers that the plaintiffs' title to the property is derived from the will of Joseph Johnson Brown, and that under the said will a good and marketable title is not vested in the plaintiffs. This is the question presented for decision in this case. The clause of the will referred to is this:

"I give, devise and bequeath unto my dear sisters Mary Johnson Chew, wife of Samuel Chew of Cliveden, and Martha Morris Brown, in equal moieties as tenants in common during all the term of their joint lives, all my property and interests in Radnor, Delaware County, Penna., and at the death of either I give, devise and bequeath the same to the survivor of them, her heirs and assigns for ever. It is my earnest wish that the whole of the property in Radnor should form together one plantation and that none of it therefore be sold or divided. That Vanor the old homestead may be maintained by the rental or income of the other tracts or farms, and that thus it may be made to serve future generations as it has the past by affording of itself an independence and a home. It is my earnest wish also that it should be be-

queathed by those who succeed me by will in the same spirit that now actuates me, namely, that while there may be a division of the interest, there shall be none of the principal. A moderate income certain to be realized is far preferable to a large income liable at any moment to be swept away. I have been taught to believe that the division of property is dangerous, in so much as it is often the first step towards its waste and ultimate dissipation. It would further be my wish that the eldest male heir should inherit, provided he possesses an educated as well as a natural taste for country life. So warm a love for its pursuits and pastimes as to engender the same hearty earnestness as now characterizes these lines. I submit these views with full confidence that my beloved sisters will join me in them, and I humbly trust in Divine Providence for their guidance in fulfilling them."

Under this will, the plaintiffs took a life estate with cross remainders in fee. This is an absolute disposition of the property to them in fee, and this is followed by the expression of the wishes of the testator as to how they should manage and dispose of the property. While expressions of a wish will amount to a testamentary disposition if such is in accordance with the intention of the testator, yet where precatory words follow an absolute disposition of the property it has been established as a rule of property in Pennsylvania that such precatory words will not operate to diminish the absolute estate previously given. And this rule disposes of this case. The history of this rule of law commences with Pennock's Est., 20 Pa. 268, and is followed by Burt v. Herron, 66 Pa. 400; Bolby v. Thunder, 105 Pa. 173; Hopkins v. Glunt, 111 Pa. 287, and Miller v. Stubbs, 244 Pa. 482.

None of the cases cited by the defendant affect the integrity of this rule.

The defendant contends that, irrespective of whether the plaintiffs are vested with an absolute estate in fee,

yet if the defendant is liable to be subjected to litigation over the question, the title cannot be said to be good and marketable. This contention begs the question. If the result of this suit should be a decision that the plaintiffs are vested with an unqualified fee, then it necessarily follows that the title tendered was a good and marketable one. And this is the very question to be decided in this case.

We, therefore, make the plaintiffs' rule for a judgment absolute and direct judgment to be entered in favor of the plaintiffs and against the defendant with damages to be assessed by the prothonotary.

Defendant appealed.

*Error assigned* was entry of judgment for plaintiff.

*J. B. Hannum, Jr.,* with him *J. Allen Hodge,* for appellant.

*Maurice Bower Saul,* of *Prichard, Saul, Bayard & Evans,* and *William I. Schaffer,* for appellees, were not heard.

PER CURIAM, March 8, 1920:

This judgment is affirmed on the opinion of the learned president judge of the court below directing it to be entered.

Judgment affirmed.