## Lockhart's Estate.

*Wills — Trusts and trustees — Active trust — Violation of rule
against perpetuities—Time to raise question.*

Where a testatrix creates a valid trust for life, the trust fund
will be paid over to the trustee at the audit of the executor's ac-
count, even if the ultimate disposition of her estate transgresses
the rule against perpetuities. The proper time to raise the ques-
tion as to the alleged violation of the rule, will be upon the death
of the life tenant.

Argued March 24, 1920. Appeal, No. 263, Jan. T.,
1920, by William A. Lockhart, a brother of testatrix,
from decree of O. C. Phila. Co., Oct. T., 1918, No. 213,
dismissing exceptions to adjudication, in estate of Jo-
sephine Lockhart, deceased. Before BROWN, C. J.,
MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ.
Affirmed.

Exception to adjudication.

From the record it appeared that the testatrix bequeathed and devised her residuary estate to her executor in trust to pay one-half of the net income to her mother, and the other half to her stepfather, William Gardner Crowell, for life, with right of survivorship; and after the decease of the survivor to pay two-thirds thereof to a stepbrother and the other one-third to his "lawful issue," for their support, maintenance and education; on the death of the stepbrother all income was to be paid to his "lawful issue" for the above purpose, one son, however, to receive his father's full share. The trust ceased with the death of the stepbrother and his lawful issue and the estate passed to charities. Josephine Lockhart's mother predeceased her.

At the audit of the executor's account, Wm. A. Lockhart, a brother of the full blood of testatrix, claimed that the trust for life was void on account of the will violating the rule against perpetuities.

The auditing judge (GEST, J.) found as follows:

"The auditing judge, after a careful consideration of the will, can discover nothing in it to bring it within the cases adduced by counsel, and, as he is clearly of opinion that the trust is good for the life of William Gardner Crowell at least, no useful purpose would now be accomplished by a discussion of the technical questions that may be raised at his death. The claim of William A. Lockhart is dismissed."

Exceptions to the adjudication were dismissed in an opinion by LAMORELLE, P. J. William A. Lockhart appealed.

*Errors assigned,* inter alia, were (1) dismissal of exception to above finding, and (8) decree dismissing exceptions and affirming adjudication.

*Albert T. Bauerle* and *John G. Kaufman,* for appellant.

*Theodore F. Jenkins* and *Horn R. Kneass,* for appellee, were not heard.

PER CURIAM, May 3, 1920:

The trust created by the testatrix for William Gardner Crowell for life is clearly good, and is not to be struck down, even if the unlimited disposition of her estate does transgress the rule against perpetuities: Whitman's Estate, 248 Pa. 285; Ewalt v. Davenhill et al., 257 Pa. 385. The question which the appellant now raises need not be discussed, for the time to raise it will be upon the death of the stepfather of the testatrix.

Appeal dismissed and decree affirmed, at appellant's costs.