468

## West Goshen Township School District v. Hughes.

*Holding & Harvey*, for plaintiff; *Harold R. McCowan*, for defendant.

HAUSE, P. J., Dec. 16, 1929.—This action of *assumpsit* is brought by the plaintiff school district to recover the purchase price of a piece of land sold at public sale and purchased by defendant.

### Findings of fact.

The plaintiff is a body corporate—a school district of the fourth class. It occupies a lot of ground containing three-fourths of an acre made up of two tracts—one containing a half-acre and the other one-fourth of an acre. On this lot was erected and used, for many years and until the present time, a school-house.

The half-acre tract—the one about which the question here arises—was conveyed to August John and others, School Directors of West Goshen Township and "their successors," by Mary Guest on April 12, 1840, for a consideration of $50. When this deed was originally drawn and before its execution it contained the words—immediately following the names and designation of the directors—"and their successors and assigns." Before its execution and delivery the words "and assigns" were stricken out.

In the *habendum* clause the same words were then stricken out and this clause now reads as follows: "To have and to hold the said piece of land and appurtenances to the said August John et al., directors aforesaid, and their successors forever for the establishment and support of schools in said district and for no other purpose."

On May 12, 1928, the school district sold the entire tract at public sale to the defendant for $4350, and the defendant agreed in writing that he had purchased it and covenanted to pay the purchase money. He has paid $870, and this action is for the recovery of the balance ($3480), with interest from June 1, 1928, the date upon which a deed in fee was to be executed and delivered. Due to an old unsatisfied mortgage, which the district had discharged by a decree of court, a deed was not tendered to defendant until five weeks later. The time of delivery was not made of the essence of the contract and the postponement was agreed to by both sides.

The district, through its school directors, made the sale because it no longer needed the tract as a site for school purposes and agreed, in the written contract of sale, that the title should be a title " in fee simple and marketable."

The defendant's position is that the district did not have a fee simple title to the tract referred to in view of the language of the deed, that is: that the conveyance was to the original board of directors and "their successors," and that its use was limited to the "establishment and support of schools" and "for no other purpose," and he asks that a judgment be entered in his favor, as stated in his counter-claim, for $870.

The deed referred to contains no clause of forfeiture or reversion in the event that the district should cease to use the tract for school purposes.

The defendant further denies liability because certain persons claiming to be heirs of Mary Guest, grantor, now assert that the deed, from her to the school district, did not convey an absolute fee and that, because of such claim, the title is not "marketable."

### Discussion.

With the decision of the Supreme Court in Sapper et al. *v.* Mathers, 286 Pa. 364, before us, by which we must be guided, there is no possible doubt but that the conveyance in question vested an absolute fee in the school district. There, a conveyance was made to an organization for burial purposes, "and for no other purpose whatsoever," with no clause of forfeiture or reversion. The use of the tract was discontinued as a burial ground and the bodies were removed and the tract was sold by the organization. The heirs of the grantor then sought to recover in ejectment, and the Supreme Court said: "The words limiting the use of the property as a burying ground did not create a condition or reduce the title to a base fee." Quoting from a prior opinion in Drace *v.* Klinedinst, 275 Pa. 266, they said: "Where a clause in a deed to a city is conditioned that a lot should be used as a burying ground, *and for no other purpose whatsoever*, without any record of any intention, either express or implied, that the land should under any circumstances return to them or their representatives in case it is not so used, a fee is conveyed and cannot be disturbed when there is a use made different from that nominated in the deed."

The fact that the word "assigns" was stricken out does not reduce the estate granted. A conveyance to a body corporate vests a fee without the words "successors and assigns" or either of them: Wilkes-Barre *v.* Wyoming Society, 134 Pa. 616.

In the light of these cases, may the defendant refuse to pay the balance of the purchase money because an heir or heirs of Mary Guest, original grantor, claim that the conveyance referred to did not vest a fee in the school district?

A recovery in an action for purchase money is, in legal effect, a decree for specific performance and, before entering such decree, the chancellor must be satisfied that the vendor can convey a marketable title and a "marketable title" is one "as to which there is no reasonable doubt either as to matter of law or fact:" Herzberg *v.* Irwin, 92 Pa. 48; Holmes *v.* Woods, 168 Pa. 530; Herman *v.* Somers, 158 Pa. 424. Such decree "will never be made in favor of a vendor unless he is able to offer a title marketable beyond a reasonable doubt:" Mitchell *v.* Steinmetz, 97 Pa. 251.

The question then is, does the language of the deed suggest a "reasonable doubt" as to the title of the district? A chancellor cannot refuse a decree of specific performance, nor can a recovery in *assumpsit* be denied, merely because some one asserts that the plaintiff is not vested with a fee simple title.

The conveyance by Mary Guest to the school district vested a fee beyond a shadow of doubt, in view of; the decisions cited, and the purchaser must pay the balance of the purchase money. The title expressed in the deed cannot expose him to litigation, because there is no legal ground upon which an adverse claim can be based.

In Chew *v.* Chew, 266 Pa. 526, an action for the purchase money of land, a defense similar to that here involved was presented and the court said: "The defendant contends that, irrespective of whether the plaintiffs are vested with an absolute estate in fee [under the language of a will], yet if the defendant is liable to be subjected to litigation over the question, the title cannot be said

470

to be good and marketable. This contention begs the question. If the result of this suit should be a decision that plaintiffs are vested with an unqualified fee, then it necessarily follows that the title tendered was a good and marketable one."

## Conclusion.

We conclude, therefore, that the plaintiff's title is a title in fee simple and is marketable and that defendant is liable on his contract of purchase to pay the remainder of the purchase money, with interest from July 1, 1928.

The prothonotary is directed to enter judgment in favor of the School District of the Township of West Goshen and against Edward H. Hughes in the sum of $3480, with interest from July 1, 1928, unless exceptions be filed hereto within thirty days after notice to counsel for the respective parties, which notice shall be given to them by the prothonotary.

From Truman D. Wade, West Chester, Pa.