## McLaughlin's Estate.

*Todd Daniel* and *Earl F. Reed,* for exceptants.

*Frederick J. Knaus* and *Marcellus H. McLaughlin,* contra.

SINKLER, J., Dec. 19, 1930.—While the exceptions filed to the adjudication of the Auditing Judge are grouped by counsel under four headings, the court *in banc* having decided to dismiss the exceptions, they may be grouped for the

purposes of this opinion under two headings—first, does the trust continue during the lifetime of the testator's four children, and, second, did the Auditing Judge err in awarding to the testator's two surviving children the share of income formerly enjoyed by a grandchild who has died without issue.

The adjudication of the Auditing Judge is comprehensive and quite complete. In our opinion, the principles set forth in the decision of the Supreme Court in Whitman's Estate, 248 Pa. 285, which is among the cases relied upon by the Auditing Judge, are applicable to the present case. In the will which is before us there is no intent to work out a scheme to circumvent the rule against perpetuities, and the purpose of the testator to create life estates for his four children should not be evaded. We are of the opinion that the Auditing Judge did not err in holding that the equitable life estates are valid so long as any one of the testator's four children survive.

Equally clear in our judgment is his determination awarding the income of the grandchild who died without issue. Lydia H. Partenheimer was one of the testator's four children. She died leaving one son, John H. Partenheimer, who died without issue. Judge Gest has found, after considering the principles of law and reported cases, as well as the provisions of the will before us, that the word "issue" extends in the present case to the grandchildren of the testator. The grandson, John Partenheimer, having died without issue, the income is claimed in behalf of his estate, on the theory that he had a vested interest *pur autre vie* in the income until the termination of the trust. The Auditing Judge finds that his interest ceased with his life, citing Maxwell's Estate, 261 Pa. 140, and Welsh's Estate, 28 Dist. R. 909. In this view we also concur. Whether or not the word "issue" as used by the testator would have been sufficient to continue the income beyond the life of John Partenheimer had he left issue is not involved under the present circumstances. He died without issue, and the income, therefore, is payable, as directed by the will, to the two children of the testator who last survived.

The exceptions are dismissed and the adjudication is confirmed absolutely.

LAMORELLE, P. J., did not sit.