## Hecht's Estate.

Argued April 23, 1934.   Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Joseph A. Rainville, Jr.,* with him *Hervey B. Smith, H. Montgomery Smith* and *E. Leroy Van Roden,* for appellant.

*Harold G. Teel,* with him *R. S. Hemingway,* for appellees.

PER CURIAM, June 30, 1934:

Herbert T. Hecht, a resident of the Town of Bloomsburg, Columbia County, died June 22, 1932, leaving a last will and testament dated August 30, 1930, which was duly probated on July 1, 1932. By the terms of the instrument, after making specific bequests to his wife and to a brother and a sister, testator established a trust as to the remainder of his estate. The trustee was directed to pay the income from $10,000 to testator's mother during her lifetime, but this provision never became effective due to the fact that decedent survived his mother, and in accordance with the terms of the will, the $10,000 designated for the use of the mother was added to the portion held in trust for his wife. Testator further directed his trustee to pay the income from two-thirds of the remainder to his wife during her life, with power to the trustee in its discretion to make additional payments out of principal, even to the exhaustion of the fund, if necessary for her care or support. Alice M. Hecht, decedent's widow, elected to take under the will of her husband and is still living. The remaining third of the estate was created a fund of which the income was to be paid to testator's son, Joseph B. Hecht, appellant here, and Adelaide L. Hecht, the wife of Joseph, for the use and benefit of their children. This portion of the estate was to be augmented by the fund held in trust for testator's wife at her death. At the death of Joseph, the trustee was to continue making payments of income, in its discretion, to the widow, Adelaide Hecht, and to such of the testator's grandchildren as were of age, provided they were of good moral character. Payments to the

daughter-in-law were to cease at termination of her widowhood. After the death of both Joseph and Adelaide, as soon as all their children had come of age, the trustee was directed to distribute the funds in its hands to testator's grandchildren equally per stirpes, the issue of deceased children taking their parents' share. Testator provided, however, that none of his grandchildren, who, in the opinion of the trustee, "shall unworthily demean themselves or shall become notoriously immoral or criminally inclined," should receive payments of income after the death of their father and mother nor share in the final distribution of the estate.

The sole question raised in this appeal is the validity of the trust created by testator of the remainder of his estate. Appellant, Joseph B. Hecht (now divorced from Adelaide Hecht and remarried), contends the provisions relating to the ultimate vesting of the estate in the grandchildren of testator violate the rule against perpetuities, and that this feature of the will is so much a part of the general scheme of testator that the entire trust is void and distribution should be made at once under the Intestate Act, citing Lilley's Est., 272 Pa. 143. The court below rejected this contention, holding the proper time to raise the question as to whether decedent's will offends the law of perpetuities is upon the death of the life tenant, Alice M. Hecht, decedent's widow, and in this conclusion we concur. We are of opinion testator's dominant intent was to provide for his widow, and the trust established in her favor should not be stricken down even though the ultimate vesting of the estate may violate the rule against perpetuities. "Where the testator's dominant intent is such as does not transgress the rule in question [against perpetuities], as for example the creation of life estates, the same will be sustained, although some ultimate and incidental disposition of the property may infringe upon it. This is especially true where that which does not is capable of separation from that which does transgress the rule":

Ledwith v. Hurst, 284 Pa. 94, 98. See also Whitman's Est., 248 Pa. 285; Lockhart's Est., 267 Pa. 390; Lockhart's Est., 306 Pa. 394.

The decree is affirmed at appellant's cost.