Christy et al., Appellants, *v.* State Board of Education and Licensure, etc., et al.

Argued May 20, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Cyril L. Weston,* for appellants.

*George J. Barco,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellees.

PER CURIAM, June 24, 1940:

Setting forth that they are chiropractors, appellants filed a bill in equity seeking an injunction restraining appellees, the members of the State Board of Medical

Education and Licensure, from issuing any further licenses in drugless therapy, and requesting further that, by appropriate decree, appellees' rules and regulations be modified so that they "may be properly complied with," that licenses be decreed to be issued to all chiropractors, that appellees be required to seek the advice and counsel of chiropractors in prescribing rules and regulations for the licensing of chiropractors, and that "complete and adequate reparation" be made to those chiropractors "who are properly qualified by education and experience" and who have entered the practice of chiropractic since 1914.

Appellants admit the constitutionality of the Medical Practices Act, Act of June 3, 1911, P. L. 639, its supplements and amendments. But, in this most recent of numerous attacks upon the validity of the Act as applied to chiropractors, all of which have thus far been unsuccessful, they contend that "the methods of enforcing this valid Act of Assembly, and the rules and regulations laid down by the administrative body charged with its enforcement, amount to a denial to persons subject to its jurisdiction, of the equal protection of the laws, as guaranteed by the XIVth. Amendment to the Constitution of the United States and by the Bill of Rights of the Constitution of the Commonwealth of Pennsylvania," in that the State Board of Medical Education and Licensure, without express statutory authority, has set up a system of healing arts termed "drugless therapy" under which to license certain practitioners of medicine and surgery, including chiropractors, and has refused to set up rules and regulations to license chiropractors as such, in that the regulations of the board in regard to professional qualifications of candidates are impossible of performance by appellants, because none of the schools whose graduates are recognized by the board as eligible for examination for license would accept appellants upon the basis of the minimum educational standards adopted by the Board, and in that the Board

has refused to approve any schools of chiropractic at which students may receive acceptable instruction in chiropractic.

An examination of appellants' bill discloses that no legal questions are thereby either raised or suggested, except such as were necessarily involved in and determined against them by cases already decided by this Court and by the Superior Court, wherein the validity of the Act of 1911 and its enforcement have been questioned and considered, particularly *Long et al. v. Metzger et al.*, 301 Pa. 449, *Commonwealth v. Martindell*, 82 Pa. Superior Ct. 417, and *Commonwealth v. Jobe*, 91 Pa. Superior Ct. 110. This being true, it follows that the court below acted properly in sustaining appellees' preliminary objections under Rule 48 of the Equity Rules, and in dismissing the bill: *Long et al. v. Metzger et al.*, supra.

Decree affirmed, appellants to pay the costs.