Betts et al., Appellants, *v.* Snyder et al.

Argued January 6, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Pierce A. Hammond, Jr.,* with him *Myron W. Harris,* for appellants.

*Lawrence A. Monroe,* with him *Howard I. James* and *Moore, Gossling & Panfil,* for appellees.

OPINION BY MR. JUSTICE PARKER, March 24, 1941:

This is an appeal from an order of the court below dismissing a bill in equity brought to have certain conveyances of land in Bucks County declared void and to obtain a decree vesting title in said lands in the heirs of Joshua Beans. The bill, after several amendments, sets forth that by the will of Joshua Beans, Esq., admitted to probate in 1895, a life estate in the land in controversy was given to his widow followed by life estates in decedent's brother and sister-in-law and then by a devise unto his nephew, Joshua Beans, and his niece, Mary Beans (Palmer), "or to the survivor of them and the heirs of such survivor forever." The same paragraph of the will provided that all of the estates thus created should be subject to the support of testator's favorite horse, Charlie, that Charlie should at all times be kindly treated, that no cruelty of any kind to animals should ever be tolerated on that farm, that no part of the timber growing on the farm should ever be removed except as dead timber was replaced by young walnut trees, that the burial ground of testator's favorite horses was never to be ploughed over or disturbed in anyway, that the farm buildings should be retained in good repair and never taken down unless they should fall down or be destroyed by fire, and that the farm wagons and sleds should be maintained forever in the wagon houses. He also provided that such of his books as his wife and sister did not desire should be taken

with the bookcases that once belonged to his father and placed on the second floor of the dwelling house on the farm, there to be kept and remain forever for the use of his kindred and their descendants and for the use of the people in the neighborhood within the radius of one mile.

The testator further provided: "And these conditions not being in restraint of alienation, but subject thereto, it is my will that they shall be observed forever, and that any owner or tenant who shall at any time disregard, fail to observe or nulify, then shall forfeit his or her title to the said farm or plantation. And the same shall then rest in the Corporation known as 'The Pennsylvania Society for the Prevention of Cruelty to Animals' and its Successors forever, who shall use and enjoy it in advancing the cause of humanity to the animal creation. And it is further my will that intoxication shall not at any time be allowed upon my said farm or plantation and that intoxicating liquors of any nature or kind shall ever be taken or used thereon as a beverage. All these conditions I earnestly and emphatically enjoin." The bill then alleged that the life tenants had died, that the S. P. C. A. had, by quitclaim deed, released all its interest in the premises to defendants Beans and Palmer, that the latter had conveyed the premises to defendant Snyder purportedly free of all limitations and conditions and Snyder in turn had conveyed to defendant, Alice Pearlman. Plaintiff in very general terms alleged that the defendants had all breached the conditions and instructions imposed in the will and prayed that a decree be entered holding that the deed from the S. P. C. A. had released all its interest in the premises, that defendants Beans and Palmer had forfeited all title because of violation of conditions annexed to the will, that the deeds to Snyder and Palmer respectively be declared null and void, and that title be decreed vested in the heirs at law of Joshua Beans.

468

We deem it advisable to pass over several serious objections to form and substance of the bills and consider the cause upon its merits. The plaintiff has had several opportunities to amend her bill and has failed to set forth a good cause of action. The court below therefore properly dismissed the bill on preliminary objections: *Long v. Metzger,* 301 Pa. 449, 455, 152 A. 572; *Christy v. State Board of Education,* 339 Pa. 65, 14 A. 2d 292.

Joshua Beans and Mary Beans Palmer took life estates with cross remainders in fee which amounts to a disposition of the entire fee to them: *Chew v. Chew,* 266 Pa. 526, 109 A. 799. The devise over to the S. P. C. A. cannot take effect as a remainder since it follows a gift of the entire fee. If it takes effect at all it must be as an executory devise. Even considering it to be such, plaintiff and defendants correctly concede that it is void as a violation of the rule against perpetuities.

This brings us to a consideration of the consequences resulting from the failure of the gift to S. P. C. A. Generally the fact that a subsequent gift over is void because in violation of the rule against perpetuities does not render the prior estates invalid: *Lockhart's Est.,* 267 Pa. 390, 111 A. 254; *Whitman's Est.,* 248 Pa. 285, 93 A. 1062. The rule is subject, however, to an exception where the prior and ulterior estates are so intimately dependent that to uphold the one without the other would defeat the dominant purpose of the testator. It does not follow that simply because the ultimate interests are void the prior interests too must collapse; only offending limitations are void; "but in Pennsylvania, where the limitations of the prior and ulterior estates are so intimately and inseparably intertwined that the failure of the limitation of the latter disturbs the main and dominant purpose of the testator, of which the prior limitations are a part, such prior and ulterior estates are void; so, too, where the prior estate is but a mere agency to accomplish a transgression of the

rule": *Lilley's Est.*, 272 Pa. 143, 153, 116 A. 392; *Kountz's Est.*, 213 Pa. 390, 62 A. 1103; *Gerber's Est.*, 196 Pa. 366, 46 A. 497. There is no such dependency created by this will and the general rule applies. Here the dominant purpose of this testator was to take care of his widow and immediate relatives. The attempted conditions may have been dear to the testator's heart but they were subordinate to and entirely independent of his main purpose.

The main argument of appellant is based upon certain sections in Restatement of Property. The plaintiff argues that the fee created in Joshua and Mary was a fee simple determinable, which failure of the succeeding executory devise could not enlarge, so that it was still subject to termination on breach of the conditions with a possibility of reverter arising in favor of the heirs at law of the testator. This argument overlooks at the outset the definition as given in Restatement, Property, §44, as follows: "An estate in fee simple determinable is created by any limitation which, in an otherwise effective conveyance of land, (a) creates an estate in fee simple; and (b) provides that the estate shall automatically expire upon the occurrence of a stated event." Such an intent "is usually manifested by a limitation which contains the terms 'until,' 'so long as' or 'during', or which contains a provision that upon the happening of a stated event, the land is to revert to the conveyor." (Comment 1, p. 128.) The words by which the estate in Joshua and Mary Beans was created contained no limitation on the duration of the estate and made no provision for the reverting of the land to the testator. The attempted executory devise to S. P. C. A. negatived any intention that there should be a reverter to the testator's heirs. The words of forfeiture are not a true limitation on the duration of the fee granted to Joshua and Mary, but are merely words of divestment which are found when a fee is subject to an executory limitation. They make the fee de-

feasible providing the succeeding devise over is valid, but they do not change its essential character: Tiffany, Real Property, 3rd Ed., § 364. If we employ the terminology of the Restatement, it is apparent that what the testator was attempting to create was a "fee simple subject to an executory limitation." See § 46, Restatement, Property.

A consideration of the cases relied upon by appellant will show the correctness of our construction of this will. In *Roxbury v. Roxbury Home for Aged Women*, 244 Mass. 583, 139 N. E. 301, and *Leonard v. Burr*, 18 N. Y. 96, the gifts of the prior estates were limited in quantum or duration—in the case of Roxbury, *as long as* that institution continued to exist, and in the Leonard case, *until* Gloversville shall be incorporated. When the contingencies occurred the prior takers had received all that was devised or given to him or it and the estates were at an end, irrespective of the fact that the gifts over were void for remoteness. Contrast those cases with *Church in Brattle Square v. Grant*, 69 Mass. 142. There the gift was to the deacons and their successors forever, by statute a quasi corporation. The entire fee passed. The devise, however, was "upon this express condition and limitation, that is to say, that the minister . . . of said church shall constantly reside and dwell in said house . . . and in case the same is not improved for this use only, I then declare this bequest to be void and of no force, and . . . I give the same to my nephew, John Hancock, Esquire, and to his heirs forever." Just as in the present case there was no limitation in the grant of the prior estate but there was an attempted executory devise which failed because it was in violation of the rule against perpetuities. It was held that the first taker took an absolute estate discharged of the condition.

Finally, this case is ruled by *Smith v. Townsend*, 32 Pa. 434. There premises were devised to Phoebe Morris for life, then to Elizabeth Wistar for life and after her

decease to her issue. These estates were declared to be upon the express condition that no building should be erected in the garden spot nor any alley opened through the court on which the dwelling house was situated, and in case of failing to perform these conditions there was a gift over to charitable uses. It was held not only that the devise over was void for remoteness but that the prior devisees took an estate in fee discharged from the condition.

Decree affirmed. Appellants to pay the costs.