## Lockhart's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

346

*John G. Kaufman* and *Albert T. Bauerle,* for exceptant.

*Cuthbert H. Latta, Barnes, Dechert, Price & Smith, and Shields, Clark, Brown & McCown,* contra.

SINKLER, J., September 13, 1944.—The provisions of the will and the facts are fully recited in the adjudication and will not be here related.

By the adjudication of Gest, J., upon the account of the executor, it was held that, since the then existing life estate was valid, it was not advisable to determine at that time the contentions presented by a brother of testatrix that the whole trust was void. Exceptions to the adjudication were dismissed in an opinion by Lamorelle, P. J., reported in 29 Dist. R. 179. He held that, under Whitman's Estate, 23 Dist. R. 568, the validity of the life estate was not affected by reason of ultimate limitations which might transgress the rule against perpetuities. This was affirmed by the Supreme Court: 267 Pa. 390.

Upon the death of the first life tenant, the first trustee's account was filed and Gest, J., held that the trust violated the rule against perpetuities, and awarded the principal to those entitled thereto under the intestate laws.

By my opinion filed June 6, 1931, exceptions to his adjudication were dismissed.

The adjudication, supplemental adjudication, and opinion are reported in 15 D. & C. 594. On appeal, 306 Pa. 394, the trust was held valid and it was further held that the income was distributable two thirds to Wilmer Gardner Crowell, a half brother of testatrix, and one third to the next of kin of decedent under the intestate laws. This court was directed to modify its decree in accordance with the opinion of the Supreme Court.

To the schedule of distribution exceptions were filed, and dismissed in an opinion by Gest, J., filed July 9, 1932, and as well a petition which requested that the auditing judge "review, modify or reverse the decision of the Supreme Court."

Exceptions to his findings were dismissed by the court in banc, opinion by Van Dusen, J., reported in 17 D. & C. 620. The judgment of this court was affirmed in a per curiam opinion of the Superior Court, reported in 111 Pa. Superior Ct. 15.

The present account was filed by reason of the death on August 23, 1943, of Wilmer Gardner Crowell, the second life tenant, stepbrother of testatrix. Her will directs that upon his death two thirds of the income shall be paid to his son, William Gardner Crowell, and the balance divided equally "among the other lawful issue of the said Wilmer G. Crowell." This provision as to the balance of the income was held by the Supreme Court to be invalid, and it was further held that the balance thereof was payable to the next of kin of decedent under the intestate laws. By the schedule of dis-

tribution the income was awarded in accordance with the decision of the Supreme Court and has been paid in like manner until the present accounting.

At the audit thereof it was contended by next of kin of decedent that the direction respecting the payment of income after the death of Wilmer was intended to be effective only should he predecease testatrix. He survived her. It was further contended that the only questiton to be determined by the Supreme Court was whether there existed a valid trust for the lifetime of Wilmer. The finding, it is argued, of the Supreme Court was "pure obiter dictum" and should now be ignored. The auditing judge holds that, even if this be so, the estates of Wilmer and William II, his son, are practically identical, save that the latter succeeds the former and that the finding respecting the estate of William is binding upon this court under the doctrine of stare decisis. He continues that irrespective of the finding of the Supreme Court the intent of testatrix manifested in her will was to substitute William II for Wilmer "upon the latter's death whenever that event should occur." The basis for his finding need not be repeated. We are of the opinion that his conclusion is correct.

We have only to add upon this point: The remittitur of the Supreme Court to this court relates that the following judgment was made: "Court directed to modify its decree in accordance with this opinion." The quality of the estate has been determined by the mandate of the Supreme Court, and we lack authority to alter it.

The decision of the auditing judge upon the second question submitted to him is as follows: William II is entitled to the balance of income remaining after the payment of the two thirds directed to be paid him, that is, to the entire income. The Supreme Court, as above related, found that the balance was payable to testatrix' next of kin, following Feeney's Estate, 293 Pa. 273.

The auditing judge holds that this decision has been in effect overruled by Morgan's Estate, 340 Pa. 465; further that the balance of income is payable under section 15 (*c*) of the Wills Act of June 7, 1917, P. L. 403, to the other residuary legatee by reason of the failure of the gift thereof to the lawful issue of Wilmer.

While we are disposed to agree with the holding of the auditing judge upon this question, we are without authority to depart from the decision of the Supreme Court.

The exceptions relating to the award of income are sustained, the remaining exceptions are dismissed, and the adjudication as thus modified is confirmed absolutely.