## Graybill, Appellant, *v.* Manheim Central School District.

Argued March 19, 1954. Before HIRT, ROSS, WRIGHT and ERVIN, JJ.

*W. Hensel Brown,* with him *W. Roger Simpson,* for appellants.

*William C. Storb,* with him *Richard M. Martin,* for appellee.

OPINION BY WRIGHT, J., July 13, 1954:

We are here concerned with appeals from two decrees of the Court of Common Pleas of Lancaster County sustaining preliminary objections to complaints in actions to quiet title under the provisions of Pa. R. C. P. 1061 (b) (2), and entering judgments in favor of the Manheim Central School District. Only the *Graybill* case was argued, and it has been agreed by counsel that our decision in the *Graybill* case shall also control the *Reimer* case. The factual situation and the respective legal contentions appear in the following excerpt from the opinion of President Judge SCHAEFFER of the court below:

"Peter Longenecker and Elizabeth Longenecker, his wife, granted and conveyed to Mathias Hoffer, President of the Board of School Directors of Penn Town-

ship School District, a tract of land containing 57 perches situated in Penn Township, Lancaster County, Pennsylvania, by deed dated March 17, 1853, and recorded December 16, 1925, in the Recorder's Office of Lancaster County in Deed Book K, Volume 27, Page 138, for the consideration of $28.50. The deed contained the following provisions: 'To Have and To Hold the said above described Fifty-seven perches of Land Neat Measure Hereditaments and Premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Mathias Hoffer his successors in office and Assigns, To and For the only proper use and behoof of the said Mathias Hoffer his successors in office his and their and Assigns forever. Provided always nevertheless that whenever at any time hereafter the said above sold premises shall be no longer required for the Establishment and support of Common schools Under the Common schools sistem or any other school for the instruction of Youth their and in that case only the same to revert to the then Owner or Owners of the Plantation and lands from which the same was taken on him her or them paying the amount of purchase Money herein mentioned but to lay no claim to any Buildings or Fixture thereon Erected and being if he she or them will Except thereof on said conditions and in case of refusal then the same may be sold to any other person or persons for any other use'.

"It is agreed that the word 'their' in the above provision in the phrase 'for the instruction of Youth their and in that case' shall be construed as the word 'then'. Likewise, it is agreed that the word 'except' in the phrase 'if he she or them will except thereof, shall be construed as 'accept'.

"The defendant, Manheim Central School District, is the successor in interest to the Penn Township School District by virtue of the formation of Manheim Cen-

tral School out of the school districts of Manheim Borough, Penn and Rapho Townships, Lancaster County.

"The plaintiffs, Joseph C. Graybill and Mina Graybill, are the present owners of the plantation and land from which the 57 perches are taken. From 1853 until the end of the school year in June, 1952, or about 100 years, said premises of 57 perches with a school building thereon erected have been used for school purposes. Thereafter the land in question was virtually abandoned by the defendant and was no longer used or required for school purposes. On July 2, 1952, the Board of Directors of the Manheim Central School District, pursuant to the Act of July 2, 1937, P. L. 2793 (53 PS 1331-1333), passed a resolution declaring its intention to acquire a fee simple absolute title to said tract of 57 perches. However, plaintiffs claim that they are the owners of the reversionary interest in the tract of land in controversy, but do not claim the school building erected thereon. Plaintiffs further contend that the original conveyance to the School District does not violate the rule against perpetuity and that the above resolution passed by the Manheim Central School District on July 2, 1952, is null and void.

"The contention of the defendant is that the plaintiffs have no interest in the tract of land in controversy (first) because the conveyance by Peter Longenecker and wife in 1853 vested in the Penn Township School District a fee simple absolute; and (second) if an interest less than a fee simple absolute was vested in the Penn Township School District the action of the School Board under the Act of July 2, 1937, P. L. 2793, supra, created in the School District a fee simple absolute in said tract of land".

The controversy turns on the legal effect of the deed of March 17, 1853. Appellants seek to bring the conveyance within the provisions of Sections 44 or 45 of

the Restatement of the Law of Property defining respectively a fee simple determinable and a fee simple subject to a condition subsequent, wherein the estate automatically or optionally expires upon the occurrence of a stated event and thereupon reverts to the grantor. The possibility of reverter in such case is not subject to the rule against perpetuities, and may be inherited, sold, and conveyed: *London v. Kingsley,* 368 Pa. 109, 81 A. 2d 870. It is the contention of the appellee that the grantor attempted to create the type of defeasible fee defined in Section 46 of the Restatement of Property as a fee simple subject to an executory limitation, which does not revert to the grantor and must not violate the rule against perpetuities.

Our study leads us to the result reached by the court below. The grantor first conveyed the lot to the President of the Board of School Directors "to and for the only proper use and behoof of the said Mathias Hoffer his successors in office his and their assigns forever". He then provided that, when the lot should no longer be required for school purposes, it should revert "to the then owner or owners of the plantation and lands from which the same was taken".[1] The shifting of the fee was to occur only "on him her or them paying the amount of purchase money herein mentioned but to lay no claim to any buildings or fixture thereon erected and being if he she or them will accept thereof on said conditions". That the conveyance was actually not for school purposes only appears from the words next following "and in case of refusal then the same may be sold to any other person or persons *for any other use*" (italics supplied).

---

[1] Contrary to the contention of appellants, these words do not have the same meaning as the words "to the grantor, his heirs and assigns". See *Yarbrough v. Yarbrough,* 151 Tenn. 221, 269 S.W. 36.

The cases cited by appellants can be readily distinguished. In all of them the conveyance was for a specified purpose and no other. There were express words providing for reverter: in *McKissick v. Pickle,* 16 Pa. 140, to the first party and to his heirs and assigns; in *Pennsylvania Railroad Co. v. Parke,* 42 Pa. 31, to the donors their heirs and assigns; in *Pennsylvania Horticultural Society v. Craig,* 240 Pa. 137, 87 A. 678, to the grantor her heirs or devisees; and in *Calhoun v. Hays,* 155 Pa. Superior Ct. 519, 39 A. 2d 307, to the grantors, their heirs and assigns. There were no words providing for reverter in *Slegel v. Lauer,* 148 Pa. 236, 23 A. 996, leaving the grantor as the person entitled.[2] In *Lazarus v. Morris,* 212 Pa. 128, 61 A. 815, the title of the School District was acquired by virtue of a condemnation proceeding.

In the case at bar, the language used negatives an intention on the part of the grantor to convey for school purposes only, and to thereafter provide a reverter to himself his heirs and assigns. The grantor parted with all of his estate. In the words of President Judge SCHAEFFER, "There is no untransferred potential residium to constitute a possibility of reverter". See *Betts v. Snyder,* 341 Pa. 465, 19 A. 2d 82, in which case it was held that the executory devise there attempted "negatived any intention that there should be a reverter to the testator's heirs".

The attempted limitation, as we have interpreted it, clearly violates the rule against perpetuities, since it might not take effect within the term of a life or lives in being and twenty-one years thereafter: *Smith v. Townsend,* 32 Pa. 434. See also *Newlin Estate,* 367 Pa. 527, 80 A. 2d 819. In the case of a deed, remote-

---

[2] In *County School Board v. Dowell,* 190 Va. 676, 58 S.E. 2d 38, the words used were held to be insufficient and the same result was reached.

ness of vesting is measured from the date of its execution: *McCreary Trust*, 354 Pa. 347, 47 A. 2d 235. It is equally clear that, since the limitation was void, the School District took a fee simple absolute: *Betts v. Snyder*, supra, 341 Pa. 465, 19 A. 2d 82. It is therefore unnecessary to consider the constitutionality of the Act of July 2, 1937, P. L. 2793, 53 P.S. 1331.

The judgment of the lower court is affirmed.