## Millero Estate

*Frank B. Quinn* and *Donald C. Buseck*, for petitioner.

*Joseph J. Nelson*, for residuary legatees and devisees.

*Bernard Goldstone*, for Commonwealth.

McKAY, J., October 22, 1959.—There is before the court a petition of Egidio Vagnozzi asking that he be appointed a substitute trustee under the last will and testament of Leonard Millero, deceased. Upon the presentation of the petition a citation was issued to the residuary legatees and devisees under the will of decedent to show cause why the petition should not be granted. An answer in the nature of a demurrer was filed, testimony was taken relative to the qualifications of petitioner for the appointment and the issues were argued by counsel. The principal question is

whether the will created a trust which requires the appointment prayed for.

Leonard Millero died testate on November 17, 1958, a resident of Mercer County. His will was duly probated on December 15, 1958. Item 6 of the will reads as follows:

"I give and bequeath to Pope Pius XII the sum of Ten Thousand ($10,000.00) Dollars for the purposes of the poor and needy Italian people in Italy, to be distributed as he sees fit, it being my intention that both the principal and income from this bequest be used to help alleviate some of the hunger and suffering of the many poor and needy families in Italy; this bequest to be sent to the Pope through the Apostolic Delegate in Washington, D. C., whose name and address presently are as follows: Most Reverend Amleto Giovanni Cicognani, 3338 Massachusetts Avenue, N. W., Washington 8, D. C."

Item 7 of the will directs the sale of the residue of decedent's property and the distribution of the proceeds equally among testator's six children, five of whom and the two sons of the sixth are contesting the granting of the petition.

The petition recites that Pope Pius XII died October 9, 1958, which was approximately five weeks prior to the death of testator. It requests that petitioner be appointed substitute trustee because he is the Apostolic Delegate to the United States of America of the present Pope John XXIII.

At the hearing of the petition and answer, Monsignor Robert J. Hagardy, Secretary of the Apostolic Delegation at Washington, testified that the duties of petitioner as the Apostolic Delegate include looking after the status of the Roman Catholic Church in this country and keeping the Pope informed of the condition of the church. He also testified that when bequests

are left to the Pope, the personal representative is the Pope's fiscal agent entitled to receive bequests and that he is in a position to carry out the terms of the present trust.

It is the position of respondents that the language contained in item 6 of testator's will does not create a trust at all, but was a specific bequest to Pope Pius XII personally, which lapsed at his death. They contend further that the reference to the poor and needy Italian people in Italy is at best precatory language not binding upon the legatee.

It is true that when an absolute bequest or devise has been made in a will, no subsequent precatory words of testator can defeat the estate previously created: Hopkins v. Glunt, 111 Pa. 287; Chew v. Chew, 266 Pa. 526; Herskovitz's Estate (No. 1), 81 Pa. Superior Ct. 379.

In the present case, however, the gift is not to Pope Pius XII personally with a request or expression of desire that he use it for the benefit of the poor and needy Italian people in Italy. On the contrary, the clause in question specifies the purposes of the gift simultaneously with its creation. Item 6 reads: "I give and bequeath to Pope Pius XII the sum of Ten Thousand ($10,000.00) Dollars *for the purposes* of the poor and needy Italian people in Italy." The intention to create a trust is as clear and explicit as if testator had used the words "to hold in trust for the poor and needy Italian people in Italy." It is not necessary that a testator use the word "trust" or "trustee". No particular form of words or conduct is necessary for the manifestation of intention to create a trust: A. L. I. Restatement of the Law of Trusts, §24(2).

The mandatory nature of the language is rendered even more clear by the words which follow the gift, viz., "it being my intention that both the principal and income from this bequest be used to help alleviate some

of the hunger and suffering of the many poor and needy families in Italy."

It is urged that the use of the words "to be distributed as he sees fit" indicates an intention to bequeath the money to the Pope absolutely. On the contrary, these words merely relate to the manner of distribution of the money. They give Pope Pius XII full discretion in that respect. This is customary in charitable trusts. Respondents also contend that the provision for distribution "as he sees fit" indicates that the power can be exercised only by the trustee originally named and that accordingly the trust fails since the original trustee has died, citing A. L. I. Restatement of the Law of Trusts, §397(2).

On the contrary, we find nothing in the language of this will to indicate an intention on the part of testator that the intended charitable trust should not arise if the person named by him as trustee should not act. The will is rather an illustration of comment c in the Restatement at §397(2):

"Ordinarily his primary intention is that the purposes of the trust should be carried out, rather than that a particular person should carry them out. This is especially clear where a particular charitable purpose is stated by the settlor. But even if the settlor leaves the property for such charitable purposes as the trustee may select, his primary intention ordinarily is that the property should be applied to charitable purposes rather than that a particular person should select the purpose. In such a case if the trustee named is unable or unwilling to act, the intended charitable trust will not fail, but the court will either appoint a new trustee with power to make the selection or will frame a scheme for the application of the property."

It having been determined that the will sets up a valid charitable trust, our duty to appoint a substitute

trustee is clear. Section 901 of the Fiduciaries Act of 1949 provides: "The court, after such notice to parties in interest as it shall direct, may appoint a trustee to fill a vacancy in the office of trustee, subject to the provisions, if any, of the trust instrument": Fiduciaries Act of April 18, 1949, P. L. 512, sec. 901, 20 PS §320.901.

There remains the question whether the Apostolic Delegate to the United States is a proper person to be named as substitute trustee. At first glance, it would seem that Pope John XXIII, the successor to the papacy of Pius XII, would be a more suitable person. However, the testimony taken at the argument indicates that the Apostolic Delegate represents the Pope in the United States, that he customarily receives bequests made to the Pope and that generally he is the one appointed by courts to see to it that responsibilities of the type prescribed in this will are carried out. In addition, there is an advantage in having a trustee within the United States. Of course, a trustee need not be a resident of Pennsylvania. Section 902 of the Fiduciaries Act, supra, 20 PS §320.902, specifically recognizes the possibility of a trustee being a nonresident of the Commonwealth and provides that the acceptance of the trusteeship shall constitute the Secretary of the Commonwealth, his attorney-in-fact, upon whom service or process and notice may be made as to all causes of action relating to the trust estate.

Accordingly, it is ordered and decreed as follows:

*Order*

Now, to wit, October 22, 1959, Egidio Vagnozzi, Apostolic Delegate, is hereby appointed substitute trustee in the place of his Holiness Pope Piux XII under item 6 of the last will and testament of Leonard Millero, deceased. Security to be entered in the sum of $10,000 by the trustee, such security to be approved by the court.